

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-81,867-01

### EX PARTE CORY DALE MORGAN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 12-1212-K368A IN THE 368TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to distribute four grams or more but less than 200 grams of methamphetamine and was sentenced to twenty years' incarceration. There was no direct appeal.

Applicant contends, *inter alia*, that he agreed to plead guilty to the drug offense with an affirmative deadly weapon finding instead of pleading guilty to it with a finding it was committed in a drug-free zone. *See* TEX. CODE CRIM. PROC. art. 42.12 § 3g(a)(2); CONTROLLED SUBSTANCES ACT § 481.134(c). He states that his decision was based on trial counsel's advice that he would be

eligible for parole consideration earlier with a deadly-weapon finding than with a drug-free-zone finding. *See* TEX. GOV'T CODE §§ 508.145(d)(1), (e). He argues that the advice was incorrect and that his plea was therefore involuntary. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Ex Parte Moussazadeh,* 361 S.W.3d 684 (Tex. Crim. App. 2012).

Counsel has supplied an affidavit, which details the advice he gave Applicant. It remains unclear to this Court, however, whether counsel's advice to Applicant regarding when Applicant would become parole eligible under each plea-deal scenario was correct. We order that this application be filed and set for submission to determine whether Applicant's guilty plea was involuntary due to receiving incorrect parole eligibility advice. The parties shall brief the issues.

The trial court shall determine whether Applicant is indigent. If Applicant is indigent and desires to be represented by counsel, the trial court shall appoint an attorney to represent Applicant. TEX. CODE CRIM. PROC. art 26.04. The trial court shall send to this Court, within 60 days of the date of this order, a supplemental transcript containing either the order appointing counsel or a statement that Applicant is not indigent. All briefs shall be filed with this Court within 120 days of the date of this order.

Filed: January 27, 2016

Do not publish